IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANSON LAMBERT,            )
                            )
         Plaintiff,         )
                            )
    v.                      )    1:23CV948
                            )
UNKNOWN OFFICIALS,          )
                            )
         Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee in Randolph County, North Carolina, submitted two letters requesting the forms for a civil rights action pursuant to 42 U.S.C. § 1983 and stating that his constitutional rights are being violated. Given the nature of Plaintiff's allegations and his desire to file a lawsuit, the Court treated his filings as a Complaint under § 1983. Nevertheless, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the

present Complaint.  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

The Court also notes that many of Plaintiff's allegations revolve around pending state court criminal charges and matters related to his pending trial and his bond.  To the extent that Plaintiff is attempting to gain his release on bond prior to trial, or to challenge his pending state criminal charges, he cannot do this by filing under § 1983, but would instead need to file a petition for habeas corpus under 28 U.S.C. § 2241.  However, Plaintiff should also be aware that federal courts typically abstain from this type of intervention in state criminal proceedings, and such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies.  See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996).  Petitioner does not currently set out facts sufficient to meet this standard.  Further, it appears that Petitioner has not yet attempted to seek any relief by raising his claims in the state courts.  Petitioner must exhaust his state court remedies as to the claims he raises. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973).  If Plaintiff seeks to file under § 2241, he should request the proper forms from the Clerk after exhausting his state court remedies.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint or petition, on the proper forms, which corrects the defects cited above.

This, the 22nd day of November, 2023.

                                                    /s/ Joi Elizabeth Peake
                                                    United States Magistrate Judge